**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JERMAINE DELESTON,
*on behalf of himself, and all others similarly situated,*

       Plaintiff,

v.

BLUEGREEN VACATIONS UNLIMITED, INC.,
d/b/a Bluegreen Vacations King Street Resort
Ascend Hotel Collection,
*a Florida corporation*,

       Defendant.

**CASE NO.:** 1:19-cv-7276

---

**CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, JERMAINE DELESTON (hereinafter "Plaintiff"), on behalf of himself, and all others similarly situated, sues Defendant BLUEGREEN VACATIONS UNLIMITED, INC., a Florida corporation, d/b/a Bluegreen Vacations King Street Resort Ascend Hotel Collection (hereinafter the "Defendant"), for injunctive relief, attorney's fees and costs, including but not limited to disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq*. (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for injunctive relief and damages, pursuant to the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL"), and for class-wide relief pursuant to Rule 23 of the Federal Rules of Civil Procedure, and alleges:

## INTRODUCTION

1. Defendant owns and/or operates that certain hotel known as BLUEGREEN VACATIONS KING STREET RESORT ASCEND HOTEL COLLECTION, located at 583 King Street, Charleston, South Carolina 29403 (the "Hotel"). Defendant owns and/or controls the Hotel's website, located at https://www.choicehotels.com/south-carolina/charleston/ascend-hotels/sc559 (the "Website"). The Hotel takes reservations through the Website and also provides information regarding available guestrooms and amenities.

2. In accordance with federal law, Defendant is required to ensure that all of its reservation systems, including its online reservation systems (a) identify and describe disabled accessible features of the Hotel in detail; (b) identify and describe disabled accessible features of ADA compliant guest rooms in detail; (c) permit disabled individuals to independently assess whether the Hotel and its available guestrooms meet their individual accessibility needs (by describing accessible *and inaccessible* features); and (d) allow reservations to be taken for accessible guestrooms in the same manner as for non-accessible guestrooms.[1] Defendant has not complied. This lawsuit follows.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C., §§1331, 1343, as Plaintiff's claims arise under 42 U.S.C. § 12181, *et seq.*, based upon the enumerated violations of Title III of the Americans with Disabilities Act (*see also*, 28 U.S.C. §§ 2201 and 2202).

---

[1] This is a non-exclusive list of requirements imposed by 28 C.F.R. §36.302(e)(l). These requirements apply not only to the Website, but also to every online reservation system on which reservations can be made to stay at the Hotel, including orbitz.com, travelocity.com, hotels.com, and others.

4. This Court has personal jurisdiction over Defendant in this action. Defendant owns or operates the Website, which is an interactive website through which reservations and payments are solicited from residents of this District who visit the Website, and which violated Plaintiff's civil rights in this District as set forth more fully below.

5. Venue lies in this District pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events or omissions giving rise to the claims here at issue occurred in this District; Plaintiff encountered Defendant's ADA violations in this District, and the injury to Plaintiff here at issue occurred in this District.

6. This Court has supplemental jurisdiction over Plaintiff's claims arising under New York State law. 28 U.S.C.S. §1367(a).

## **THE PARTIES**

7. At all times material hereto, Plaintiff was and is over the age of 18 years, *sui juris*, and was and is a resident of Bronx, New York, which is located within the Southern District of New York.

8. Plaintiff has at all material times suffered from a "qualified disability" under Title III of the ADA.

9. Plaintiff suffers from spinal muscular atrophy and uses a wheelchair for mobility.

10. Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

11. Plaintiff uses the internet to evaluate available hotels, and to make reservations.

12. Defendant is a FLORIDA CORPORATION which conducts and/or seeks to conduct business in the State of New York through its interactive website, as set forth more fully herein.

## CLASS ALLEGATIONS

13. Plaintiff brings this class action on his own behalf, and as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of people defined as follows:

    > All disabled individuals who have been unable to obtain required accessibility information online, or to independently secure an online reservation for an accessible guestroom, by a failure to comply with the ADA and ADAAG upon any online reservation platform on which the Hotel is advertised, including the Website.

14. Excluded from the Class is any person who is an executive, officer, employee, and/or director of the Defendant.

15. The members of the Class are so numerous that joinder of all Class members is not practical. The precise size of the Class will be determined through discovery.

16. Plaintiff's claims are typical of those of the entire Class. Plaintiff, along with every member of the Class, has suffered civil right violations because of Defendant's continuing failure to comply with the ADA and ADAAG on its Website and/or other online reservation platforms.

17. Plaintiff can and will adequately protect the interests of all members of the Class and has retained competent counsel experienced in both ADA and class action litigation. Plaintiff has no interest that is contrary to the interest of the Class members in this case.

18. A class action is far superior to any other possible method for adjudicating this controversy. Each member of the Class is entitled to injunctive relief, as well as possible statutory damages under New York law. The expense and burden associated with individual litigation of each claim held by each member of the Class would be extraordinarily inefficient for Defendant, members of the Class, and the courts.

Case 1:19-cv-07276-PAE-OTW    Document 1    Filed 08/05/19    Page 5 of 17

19. Common questions of law and fact prevail with respect to all members of the Class and predominate over questions applicable solely to individual Class members. Among such common questions of law and fact is whether Defendant has violated Federal and New York State statutory obligations by failing to comply with the ADA, ADAAG, NYCHRL, and NYSHRL such that all physically disabled persons are afforded fair and equal access to any hotel owned or operated by Defendant, and their online reservation systems.

20. Plaintiff knows of no special or unique difficulties that would be encountered in the management of this litigation that might preclude its maintenance as a class action.

21. The names and addresses of disabled individuals who have encountered non-compliance as set forth herein, and who have been excluded from full and equal access to required accessibility information regarding the Hotel is obtainable through traditional channels used to identify members of any class; notice of this case, informing members of the Class that this case exists and that he/she may be a member of the Class, can be delivered by U.S. or electronic mail, using techniques and in a form of notice similar to those customarily used in class action litigation, and can additionally be advertised by television, internet, radio, and other means of transmission that are likely to reach members of the Class.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

22. On July 26, 1990, Congress enacted the ADA, explaining that its purpose was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing such discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to

ensure that the Federal government plays a central role in enforcing the standards set by the ADA. 42 U.S.C. § 12101(b)(l) - (4).

23. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General ("DOJ"), published revised regulations for Title III of the Americans With Disabilities Act of 1990. Public accommodations, including places of lodging were required to conform to these revised regulations <u>on or before March 15, 2012</u>.

24. On March 15, 2012, the revised regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging." 28 C.F.R. §36.302(e)(l) provides that:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations ***made by any means***, including by telephone, in-person, or through a third party –
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the

>   guest rooms requested are blocked and removed from all reservations systems; and
>
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

25. In promulgating the new requirements, the Department of Justice made clear that individuals with disabilities should be able to reserve hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guestrooms. *28 C.F.R. Part 36, Appx. A.*

26. Hotels (and motels) are required to identify and describe all accessible features in the hotel and guestrooms; "[t]his requirement is essential to ensure individuals with disabilities receive information they need to benefit from the services offered by the place of lodging." *28 C.F.R. Part 36, Appx. A.* Moreover, "a public accommodation's designation of a guestroom as "accessible" does not ensure necessarily that the room complies with all of the 1991 Standards." *28 C.F.R. Part 36, Appx. A.* Labeling a guestroom as "accessible" or "ADA" is not sufficient.

27. In addition,

>   hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features – in new and existing facilities – are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll in shower. The presence or absence of particular accessible features such as these may mean the difference between a room that is usable by a particular person with a disability and one that is not.

*28 C.F.R. Part 36, Appx. A.* Accordingly, Defendant is required to set forth specific accessible features and not merely recite that a guestroom is "accessible" or "ADA" or list accessibility features that may (or may not) be offered within a particular room.

28. For hotels in buildings constructed after the effective date of the 1991 Standards, it is sufficient to advise that the hotel itself is fully ADA compliant, and for each accessible guestroom, to specify the room type, the type of accessible bathing facility in the room, and the communications features in the room. *28 C.F.R. Part 36, Appx. A.*

29. However, for hotels in buildings constructed prior to the 1991 Standards, information about the hotel should include, at a minimum

> information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features **that do not comply** with the 1991 Standards. For example, if the door to the "accessible" room or bathroom is narrower than required, this information should be included (e.g., door to guest room measures 30 inches clear). [emphasis added].

*28 C.F.R. Part 36, Appx. A.*

30. The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA.

31. The Website (and all other online reservation platforms used by the Hotel) allows reservations for the Hotel to be taken online. The Defendant has control over information provided to the public about the Hotel through the Website and/or other online platforms.

32. Prior to filing this lawsuit, the Plaintiff intended to visit South Carolina in July 2019, in particular the area where the Hotel is located, to visit his family.

33. Due to the Website being inaccessible, the Plaintiff was unable to book a room at the Hotel through the Website.

34. Plaintiff refrained from making travel plans at the Hotel due to his lack of knowledge concerning the Hotel's accessibility features on the Website.

35. That, Plaintiff uses the internet as his main method of research for booking hotel rooms and determining whether a hotel has accessible features.

36. That, the Plaintiff is confined to a wheelchair for all mobility and daily activities.

37. That, Plaintiff must have knowledge of a hotel's accessibility features for lodging and daily activities before he is able to reserve a room at a hotel.

38. That, prior to reserving a room at the Hotel, the Plaintiff visited the Website to learn about the accessibility features of the Hotel.

39. That, Plaintiff desired to independently assess whether the Hotel had accessible features, what the accessibility features consisted of and whether he could independently reserve an accessible room at the Hotel, in the same manner as non-disabled individuals seeking to reserve non-accessible rooms.

40. Upon his respective visit to the Website, Plaintiff discovered that the Website did not identify and describe accessibility features of the Hotel necessary for Plaintiff to make an informed decision on whether to book a room at the Hotel.

41. Plaintiff intends to visit South Carolina again this year to visit his family.

42. That, once the Court enters an injunction requiring the Hotel Website to comply with the ADA, Plaintiff intends to go onto the Website and evaluate the accessibility features of the Hotel and whether an accessible room is available to be booked.

43. That, if Plaintiff determines that this Hotel is the best option to meet his accessibility needs the Plaintiff intends to book an accessible room at the Hotel.

44. That, Plaintiff suffered damage, and will continue to suffer damage, because the Hotel's Website did not provide the accessibility features available at the Hotel for Plaintiff to determine whether an accessible room can be booked.

45. That, Plaintiff was unable to reserve a room at the Hotel dude to the Website's failure to comply with the ADA and ADAAG, in which it failed to provide Plaintiff with the information regarding the accessibility features available when reserving and booking a room online.

46. Unlike individuals seeking to reserve non-accessible rooms, Plaintiff was unable to book an accessible room at the Hotel on the Website because he could not determine if the Hotel met his accessibility needs, and thereafter Plaintiff was forced to seek alternative venues to visit the vicinity where the Hotel is located.

47. The Website homepage contains a blanket statement that the hotel has accessible features but does not include a description of what ADA accessible features are available. The *booking* page lists available guestroom types but does not include an option to search for ADA accessible rooms. It is possible to view a more detailed description of available rooms on the booking page; however, none of these more detailed descriptions includes any description of what ADA accessible features the rooms have. There is no ability to book an accessible room at any point prior to payment, and there is no filter on the search page with options for accessible rooms or features.[2]

---

[2] Each of these pages of the Website (as they existed at the time of filing) has been saved, and while Plaintiff encourages and demands that Defendant come into compliance with the ADA and ADAAG, Defendant is likewise cautioned against deleting or destroying any version of the

10

48. The Website also has no accessibility information concerning common areas and amenities. Likewise, the Website does not indicate that the Hotel is in full compliance with all 1991 Standards, or, in the alternative:

    a. Whether the public entrance to the Hotel complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

    b. Whether the registration desk at the Hotel complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

    c. Whether any food and beverage service areas at the Hotel comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

    d. Whether any parking facilities, lots, or other parking accommodations at the Hotel comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

    e. Whether the route from the public entrance to the registration desk is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

    f. Whether the route from the registration desk to the accessible rooms is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not

---

Website as it existed on the date of this filing, inasmuch as the same may constitute evidence in this lawsuit. All changes and edits should be carefully saved, catalogued, and produced.

       comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

    g. Whether the route from the public entrance to the food and beverage service areas is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them; and

    h. Whether the route from the accessible guestrooms to the food and beverage service areas is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them.

49. This is not intended to be an exclusive list, and Plaintiff, on behalf of himself and the Class, brings this action to remediate all violations of the ADAAG found to exist upon the Website, and upon all online reservation platforms used by the Hotel.

50. In addition to the list above, upon information and belief, Defendant may not effectively (i) ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type; (ii) reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; or (iii) guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others. Discovery is required on these issues.

51. Plaintiff will visit the Website again, and members of the Class will visit the Website and online reservation platforms controlled by Defendant again, upon the Defendant's compliance with the laws and regulations specified herein, in order learn about the accessible (and inaccessible) features, learn about the accessible (and inaccessible) features of guestrooms, assess the extent to which the hotels meet each of their specific accessibility needs, and determine whether they can reserve an accessible guestroom.

52. Defendant has discriminated against Plaintiff and all other mobility-impaired individuals, including the Class, by denying full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered on the Websites, due to the continuing ADA and ADAAG violations as set forth above.  Defendant has had nine (9) years to bring the Website (and other online reservation platforms, as applicable) into compliance with the ADAAG revisions, but has failed or refused to do so.

53. Modifying the Website (and other online reservation platforms, as applicable) to comply with the ADA and ADAAG is accomplishable without undue burden or expense and is readily achievable.  But in any event, upon information and belief, the Website has been altered, updated, and edited, after 2010, but not in a manner compliant with 2010 ADAAG standards.

54. Defendant will continue to discriminate against Plaintiff and all other disabled individuals who access the Website (and other online reservation platforms, as applicable) unless and until Defendant modifies the Website (and other online reservation platforms, as applicable) to set forth all required information, as set forth above.

55. Plaintiff and the Class are without an adequate remedy at law and are suffering irreparable harm, and Plaintiff reasonably anticipates that he and the Class will continue to suffer this

harm unless and until Defendant is required to correct the ADA violations found upon the Websites (and other online reservation platforms, as applicable), and to maintain the Websites (and other online reservation platforms, as applicable), inclusive of the online reservation system, and accompanying policies and procedures, in a manner that is consistent with and compliant with ADA and ADAAG requirements.

56. Pursuant to 42 U.S.C. §12188(a) this Court has authority to grant injunctive relief to Plaintiff, and the Class, including an Order that compels Defendant to enact policies that are consistent with the ADA and its remedial purposes, and to alter and maintain its Website (and other online reservation platforms, as applicable), and all online reservation systems, in accordance with the requirements set forth within the 2010 Standards, 28 C.F.R. §36.302(e)(l).

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE NYSHRL**

57. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

58. The New York State Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation...because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … [3]

---

[3] NYS Exec. Law § 296 (2) (a).

14

59. The Website (ant other online reservation platforms, as applicable) is a gateway to, and a part of, the Hotel, which is a place of public accommodation as defined by the New York State Human Rights Law.

60. Plaintiff and the Class have visited the Website (and other online reservation platforms, as applicable), and encountered barriers made illegal by the ADA and ADAAG, and thus by the New York State Human Rights Law.

61. By maintaining barriers that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff and the Class, because of their disability, the accommodations, advantages, facilities or privileges of the Hotel. The failure by Defendant to act to identify and remove these barriers, which have been illegal since March 15, 2012, can be construed as "negligence per se."

62. Plaintiff and the Class have been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to N.Y. Exec. Law §297, including for damages pursuant to § 297(9) thereof.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE NYCHRL

63. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

64. The NYCHRL provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or

15

>  privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of …disability…[4]

65. Defendant is in violation of the NYCHRL by denying Plaintiff and the Class full access to all the accommodations, benefits, and services, available appurtenant to the Hotel, as described above.

66. Plaintiff and the Class have been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to the New York City Human Rights Law, and all relief provided for thereunder.

WHEREFORE, Plaintiff, JERMAINE DELESTON, respectfully requests that this Court enter judgment against Defendant, and in his favor, as follows:

a) Certify a Class, as that term is defined hereinabove;

b) A declaration that the Website (and other online reservation platforms, as applicable) is owned, leased, operated, and/or controlled by Defendant is in violation of the ADA, the NYSHRL and the NYCHRL;

c) Temporary and permanent injunctive relief enjoining Defendant from continuing its discriminatory practices, including the requirement that Defendant permanently implement policies, practices, procedures, including online content, consistent with the mandates of the 2010 ADAAG Standards on its Website (and other online reservation platforms, as applicable);

d) Temporary and permanent injunctive relief enjoining Defendant from maintaining or controlling content on any website through which it is offering

---

[4] NYC Admin Code § 8-107(4)(a)

online reservations for any hotel that it owns or operates, unless such website and online reservation system fully comply with 28 C.F.R. §36.302(e)(l);

e) An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of Plaintiff and the Class;

f) An award of compensatory damage deemed just and appropriate pursuant to the NYSHRL and/or NYCHRL, to Plaintiff and the Class; and

g) Such other and further relief as this Court deems just, necessary and appropriate under the circumstances.

Dated:  August 5, 2019                              Respectfully Submitted,

**Bashian & Papantoniou, P.C.**
*Attorneys for Plaintiff*
500 Old Country Road, Ste. 302
Garden City, NY 11530
Tel:    (516) 279-1554
Fax:    (516) 213-0339

*By: /s/ Erik M. Bashian, Esq.*
**ERIK M. BASHIAN, ESQ. (EB7326)**
eb@bashpaplaw.com